**In re James Vernon LEWIS & Jo Evelyn Lewis, Debtors.**

**Bankruptcy No. 87–04820–C–12.**

United States Bankruptcy Court,
W.D. Missouri, C.D.

Feb. 29, 1988.

Gwendolyn Froeschner, Columbia, Mo., for debtors.

Jerry W. Venters, Jefferson City, Mo., for Federal Land Bank.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

The Federal Land Bank is an undersecured creditor of James and Jo Evelyn Lewis, debtors herein, in this Chapter 12 family farmer reorganization. The Bank is owed in excess of $330,000.00 on an original loan of $240,000.00 and the land which constitutes the collateral is valued at $135,000.00 by the debtors and $167,000.00 by the Bank. Based on this set of facts, the Bank maintains that debtors have no equity in the property. Because the Bank's collateral is only about one-half of the land debtors' operate, the Bank also maintains that the property is not necessary for the reorganization. The Bank, therefore, postulates q.e.d. that it is entitled to relief from the automatic stay so that it may proceed about its intent to foreclose the real estate.

Debtors to date have filed their reorganization plan (timely) and a confirmation hearing has been set. Debtors in their plan propose to treat the current market value of the collateral as secured debt and to pay off that amount plus interest on a long term basis. The balance of the debt is to be treated as unsecured and paid (if at all) under the provisions of 11 U.S.C. § 1225. The question thus arises if litigation to lift or modify the automatic stay in Chapter 12 is or should be governed by the same criteria as in Chapter 11.

This Court concludes not and the reasons therefor will be stated and (hopefully) elucidated below. Looking first to the provisions of 11 U.S.C. § 362(d), the guidelines for relief from the automatic stay are as follows:

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property, and

(B) such property is not necessary to an effective reorganization".

This creates two separate areas for possible modification of the stay. First, "lack of adequate protection of an interest in the property" from whence cometh the *American Mariner* Doctrine as set out in *Crocker National Bank v. American Mariner Industries, Inc.*, 734 F.2d 426 (9th Cir.1984) and which was so abruptly terminated by the United States Supreme Court in the recent *Timbers* case, *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, —— U.S. ——, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). Of course, that does not eliminate actions thereunder for lack of adequate insurance or adequate maintenance or for demonstrable depreciation or obsolescence in the property. Second, where "the debtor does not have an equity in such property" and "such property is not necessary to an effective reorganization".

Most courts have interpreted that to require the creditor to demonstrate that the burden of debt against the property was greater than at least the present market value thereof. Once that was done it fell to the lot of the debtor to demonstrate the "necessary to an effective reorganization" character of the property. *United Savings Association of Texas v. Timbers of Inwood Forest Association, Ltd.*, —— U.S. ——, ——, 108 S.Ct. 626, 632, 98 L.Ed.2d 740 (1988). The problem that this Court has with that scenario is whether a creditor can ever show lack of equity in the debtor, when the debtor can "write down" the secured debt against the property to its current market value and pay any remaining balance of the debt by only assigning all of the projected disposable income for a period of three to five years. 11 U.S.C. § 1225(b)(1). The Court suspects not. If one wishes to engage in philosophical and metaphysical debate as to whether the debtor has an equity in property on which he owes the precise current market value, the negative position is probably as sound as the affirmative position or vice versa. However, as a practical matter, it would be somewhat unusual for a Bankruptcy Court to hold that the debtor had no equity in such a situation. It seems clear that Congress intended family farm debtors to be allowed to reorganize on the basis of an equality of assets versus debt, i.e., dollar for dollar. It further seems that Congress paid little heed to the statistics so assiduously compiled by the Federal Reserve Banks, inter alia, that indicate farmers who have a debt ratio of over 40% to assets have and continue to die like flies at the hands of the little tailor. Presumably many Bankruptcy Judges are just as concerned as this author by the fact that each such confirmation may well sentence the "lucky" farmer to further years of backbreaking toil and heartbreaking loss ending in a total liquidation upon the occasion of the first drouth, flood or further reduction in the prices of farm products. With the vagaries of farm income, farm expenses, weather, government policy, and the like it may well be that confirmation of a 100% debt to asset Chapter 12 plan is equivalent to a 60 day stay of execution to a prisoner on death row.

Be that as it may, the usual family farmer desires the chance afforded by what may be only a temporary reprieve perhaps as much as the death row inmate, and Congress has determined that he shall have it. Based on that determination this Court concludes that the family farmer cannot be said to possess "no equity" in such property and thus the secured creditor cannot prevail because of the creditor's inability to demonstrate the requirements of 11 U.S.C. § 362(d)(2)(A).

The Motion of the Federal Land Bank is OVERRULED. This Opinion shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.